KAREN P. HEWITT
Acting United States Attorney

TOM STAHL, California State Bar No. 78291
Assistant United States Attorney
Chief, Civil Division

JUSTIN S. KIM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 307-0977
Facsimile:    (202) 307-0054
E-mail:       justin.s.kim@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES D. CROWDER; WELLS FARGO BANK; DAVID M. CROWDER,<br><br>Defendants. | '07 CV 0421 JAH AJB<br>Civil No.<br><br>COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY |

**JURISDICTION AND VENUE**

1.   This is a civil action brought by the United States of America to reduce to judgment federal tax assessments against Charles D. Crowder and to foreclose federal tax liens against certain real property.

2.   This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3.   The Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the Southern District of California under 28 U.S.C. §§ 1391(b) and 1396 because the tax assessments against Charles Crowder at issue accrued within this judicial district and the real property that the United States seeks to foreclose is located within this judicial district.

### DEFENDANTS

5. Defendant Charles Crowder resides within this judicial district and the jurisdiction of the Court.

6. Defendant David Crowder is named in this action because he may claim an interest in the real property that is the subject of this action.

7. Defendant Wells Fargo Bank is named in this action because it may claim an interest in the real property that is the subject of this action.

### THE SUBJECT PROPERTY

8. The property located at 857 Valley Avenue, Solana Beach, California 92075 (hereinafter "the Subject Property"), which is the subject of this foreclosure action, is a parcel of real property that is situated in the County of San Diego, State of California, and is legally described as:

A CONDOMINIUM COMPRISED OF

PARCEL 1:

AN UNDIVIDED 1/32ND INTERESET IN AND TO ALL THAT PORTION OF LOT 1 LYNNSYD, IN THE CITY OF SOLANA BEACH, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 7685, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 5, 1973.

EXCEPT THEREFROM THE FOLLOWING:

(A) LIVING UNITS 1 THROUGH 32, INCLUSIVE AS SHOWN UPON THE STEVENS MANOR CONDOMINIUM PLAN RECORDED MAY 28, 1974 AS FILE NO. 74-139346 OF OFFICIAL RECORDS OF SAN DIEGO COUNTY, CALIFORNIA

(B) THE EXCLUSIVE RIGHT TO POSSESSION OF ALL THOSE AREAS DESIGNATED AS PATIOS, BALCONIES AND CARPORTS AND SHOWN ON THE CONDOMINIUM PLAN ABOVE REFERRED TO.

PARCEL 2:

LIVING UNIT NO 15 AS SHOWN ON THE CONDOMINIUM PLAN ABOVE REFERRED TO.

PARCEL 3:

Complaint                                              - 2 -

THE EXCLUSIVE RIGHT TO POSSESSION AND OCCUPANCY OF THOSE PORTIONS OF LOT 1 DESCRIBED IN PARCEL 1 ABOVE, DESIGNATED AS P-15, B-15 AND C-15, AS SHOWN IN THE ABOVE DESCRIBED AND REFERRED TO CONDOMINIUM PLAN WHICH ARE APPURTENANT TO PARCELS 1 AND 2 ABOVE DESCRIBED.

ASSESSORS PARCEL NO. 298-282-05-15

9. On May 9, 1989, a grant deed was recorded with the San Diego County Recorder's Office, conveying title to the Subject Property to Charles D. Crowder, a single man, and David M. Crowder and Hazel M. Crowder, husband and wife as joint tenants.

10. On January 24, 1995, a quitclaim dead was filed with the San Diego County Recorder's Office by David M. Crowder and Hazel M. Crowder, quitclaiming their interest in the Subject Property to Charles D. Crowder, a single man.

## FIRST CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT INCOME TAX ASSESSMENTS AGAINST CHARLES CROWDER

11. The United States incorporates the allegations contained in paragraphs 1 through 10.

12. On dates and for the amounts listed below, a delegate of the Secretary of the Treasury made assessments against Charles Crowder for federal individual income taxes, penalties, interest, and other statutory additions for the tax years 1999 and 2001:

| Tax Year | Tax Type | Date of Assessment | Assessed Amounts: Taxes (t), Interest (i), Penalties (p), and Costs (c) |
|---|---|---|---|
| 1999 | Income (Form 1040) | 05-29-2000 | $178,455.00 (t) |
| | | | $2,373.44 (p) |
| | | | $1,245.34 (p) |
| | | | $1,354.57 (i) |
| | | 01-08-2001 | $12.00 (c) |
| | | 09-10-2001 | $14.00 (c) |
| | | 10-31-2005 | $29,888.16 (p) |
| 2001 | Income (Form 1040) | 06-30-2003 | $8,881.00 (t) |
| | | | $914.62 (p) |

Complaint - 3 -

| | | | |
|---|---|---|---|
| | | | $304.87 (p) |
| | | | $318.89 (i) |
| | | 09-08-2003 | $18.00 (c) |
| | | 10-31-2005 | $711.38 (p) |

13. Proper notice has been given and demand for payment of these assessments has been made on Charles Crowder.

14. Despite timely notice and demand for payment of the assessments described in paragraph 16 above, Charles Crowder has neglected, failed, or refused to pay fully these assessments, which amount to an unpaid balance of $214,527.59, including applicable penalties and additional accrued interest, as of January 31, 2007, plus additional interest that continues to accrue.

**SECOND CLAIM FOR RELIEF:**
**TO FORECLOSE THE FEDERAL TAX LIENS ON PROPERTY**
**HELD BY CHARLES CROWDER**

15. The United States incorporates the allegations contained in paragraphs 1 through 14.

16. Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments set forth in paragraph 16 above, and attached to all property and rights to property of Charles Crowder, including the Subject Property.

17. On or about August 20, 2001, a delegate of the Secretary of Treasury recorded with the Office of the County Recorder, San Diego County, California, a Notice of Federal Tax Lien for the outstanding federal income tax liabilities of Charles Crowder for assessments made against him for the 1999 tax year.

18. On or about August 21, 2003, a delegate of the Secretary of Treasury recorded with the Office of the County Recorder, San Diego County, California, a Notice of Federal Tax Lien for the outstanding federal income tax liabilities of Charles Crowder for assessments made against him for the 2001 tax year.

**THIRD CLAIM FOR RELIEF:**
**TO SET ASIDE THE DEED OF TRUST**
**HELD BY DAVID CROWDER**

19.     On August 15, 2001, a deed of trust was recorded in the San Diego County Recorder's Office naming David Crowder as beneficiary and trustee, purportedly securing a $150,000 loan obtained by Charles Crowder from David Crowder.

20.     Although this deed of trust was recorded before the notice of federal tax liens were recorded, as stated in paragraphs 17 and 18, the deed of trust does not meet the requirements of subsections (a) and (h) of 26 U.S.C. § 6323 and the relevant Treasury regulations and therefore does not have priority over the recorded federal tax liens.

WHEREFORE, the United States requests entry of judgment in its favor as follows:

A.     That the Court enter judgment against Charles Crowder and in favor of the United States in the amount of $214,527.59, plus statutory interest and other additions allowed by law from January 31, 2007, less any credits for payments for unpaid federal income taxes for the 1999 and 2001 tax years;

B.     That the Court determine that the United States has valid and subsisting federal tax liens, by virtue of the assessments set forth above, on all property and rights to property of Charles Crowder, both real and personal, tangible and intangible, including his interest in the Subject Property described in paragraph 12 above;

C.     That the Court order that the deed of trust held by David Crowder on the Subject Property does not satisfy the requirements of 26 U.S.C. § 6323 and therefore does not have priority over the United States' tax liens encumbering the Subject Property;

D.     That the Court order that the United States' tax liens encumbering the Subject Property be foreclosed, that the Subject Property be sold pursuant to 28 U.S.C. § 7403 and 28 U.S.C. § 2001, and that the proceeds be distributed in accordance with the Court's findings as to the validity and priority of the claims of the parties as established by law, including the satisfaction of the federal tax liens against Charles Crowder; and

E. That the United States be awarded its costs and such other relief as is just and proper.

Dated this 16th day of February, 2007.

          Respectfully submitted,

KAREN P. HEWITT
Acting United States Attorney

TOM STAHL
Assistant United States Attorney
Chief, Civil Division

*/s/ Justin S. Kim*
JUSTIN S. KIM
Trial Attorney, Tax Division
U.S. Department of Justice

Attorneys for the United States of America

Complaint      - 6 -

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

**I (a) PLAINTIFF**

UNITED STATES OF AMERICA

**DEFENDANTS**

CHARLES D. CROWDER; WELLS FARGO BANK; DAVID M. CROWDER

07 MAR -7 PM 12:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego
BY_____ DEPUTY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Justin S. Kim
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, DC 20044      (202) 307-0977

ATTORNEYS (IF KNOWN)

'07 CV 0421   JAH AJB

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- **x** 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENAL | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | PERSONAL INJURY<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reappointment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>**x** 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 891 Agriculture Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- **X** 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Complaint to Reduce Federal Tax Assessments to Judgment and to Foreclose Federal Tax Liens pursuant to 26 U.S.C. §§ 7401, 7403

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** $214,527.59

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES   **x** NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):   JUDGE _____ (filed herewith)   DOCKET NUMBER _____

DATE 1/29/07
FOR OFFICE USE ONLY

SIGNATURE OF ATTORNEY OF RECORD   Justin A. Kim

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.
(NOTE: In land condemnation cases, the county of residence of the"defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1040(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.